The People of the State of New York, Respondent, v. Frank W. Maki, Appellant.— Appeal from a judgment of conviction rendered in the County Court of Albany county on October 26, 1936, convicting the defendant of the crime of arson in the third degree, and from an order denying a new trial on newly-discovered evidence. The defendant was indicted for arson in the second degree, charged to have been committed during the night time on December 29, 1935, in the city of Albany, in feloniously burning a building occupied as a dwelling house which was insured against loss or damage by fire, with the intent to defraud the insurer. The degree of the crime was reduced on the trial to arson in the third degree. Defendant's sister, resident in a foreign State, was the record owner of real estate with buildings thereon in Albany, and the defendant had full management and control thereof. There was a mortgage on the property amounting to $5,600, with insurance payable to the mortgagee. Through the agency of the defendant, this property was conveyed to the witness Felix Nordfors, without substantial consideration, under a plan of the defendant to place a second mortgage thereon of $8,000, and then sell the second mortgage. The second mortgage was given, and additional insurance was placed on the property in the sum of $6,000. With a view to the sale of the second mortgage, the defendant induced the witness Nordfors to open stores in the premises, for which the defendant bought the stocks of merchandise. Later the defendant told Nordfors that the plan was not a success, that he could not and did not sell the second mortgage, and that he intended to burn the buildings. Defendant had lived on the property for about nine years, and moved out about five days before the fire. Pretending that he was going to repaint the interior of the building, he brought a quantity of painting materials into the upper floor of the building, including large cardboard boxes. He came back to the property on the Saturday afternoon of December 28, 1935, remained during the afternoon and over night, and until sometime

after four o'clock the following day, spending most of the time in the unoccupied rooms alone. About eleven o'clock Sunday night, December 29, 1935, a fire broke out. When this had been extinguished, it was found that rooms on the upper floors had in them a large quantity of combustible materials evidently arranged for the purpose of burning the building. Immediately after the fire broke out, he came to the lodgings of one of the witnesses, without hat or overcoat, borrowed some clothing, and induced this witness to secure a taxi, and drove to his new home outside of the city, although he had a car of his own. He requested this witness to say that the witness met the defendant at eleven o'clock that night upon his arrival by train from New York. When asked the next morning by a public detective to come to the police station, he inquired whether he was to be seen " about a fire." The defendant did not testify, but told a witness to say that he had gone to New York at seven o'clock on the morning of the fire, walked around the streets, and came back to Albany the same day, arriving at eleven o'clock at night. In his brief the defendant does not question that the fire was a criminal one, but contends (1) that the weight of evidence does not connect the defendant therewith; (2) that errors were committed in the admission of evidence, and (3) that defendant is entitled to a new trial because of newly-discovered evidence. It is our view that the evidence was sufficient to justify the jury in finding the defendant guilty of arson in the third degree. The defendant made a statement to the district attorney after his arrest, which was reduced to writing, in which the defendant denied guilty knowledge of the fire. This writing was received in evidence, without objection, and with the consent of the defendant. It contained statements of fact which were in conflict with those of witnesses of the prosecution. There was no evidence that the defendant was forced to make the answers given, or that they were made under threat or promise. The writing was properly received in evidence. We have examined the record with reference to the other objections and exceptions, and find no error therein. On defendant's motion for a new trial on newly-discovered evidence, it appears that the additional evidence sought to be introduced was that of alibi witnesses, which is merely accumulative, and that of a friendly witness who proposes to recant. There is no ground to believe that the introduction of the proposed evidence would alter the result of the trial. The judgment should be affirmed. Judgment of conviction unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.